**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on March 16, 2023**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**v.**<br><br>**BRYAN SHERBACOW,**<br><br>**Defendant.** | **CRIMINAL NO.**<br><br>**VIOLATIONS:**<br>**18 U.S.C. § 1343 (Wire Fraud)**<br>**18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)**<br><br>**FORFEITURE:**<br>**18 U.S.C. §§ 981(a)(1)(c), 982(a)(1), 982(b)(1), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)** |

**INDICTMENT**

The Grand Jury charges that:

**The Defendant and Relevant Businesses**

1. The defendant, BRYAN SHERBACOW, was a resident of Charleston, South Carolina and Washington, D.C.

2. In or about August 2019, SHERBACOW co-founded Company-1, which was in the sustainable fuel business. SHERBACOW was the President and Chief Executive Officer of Company-1 from its formation until on or about December 22, 2022.

3. Accounting Firm-1 was an accounting firm in Washington, D.C. that was hired by Company-1 in or around February 2022. Accountant-1 was the owner of Accounting Firm-1.

## COUNTS ONE THROUGH THREE
**(Wire Fraud)**

4. Paragraphs 1 through 3 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

**The Scheme and Artifice**

5. From in or around January 2021 through in or around December 2022, within the District of Columbia and elsewhere, SHERBACOW did knowingly, and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signals, pictures, and sounds, for the purpose of executing such scheme and artifice.

6. SHERBACOW abused his position as President and CEO of Company-1 to embezzle at least approximately $5.9 million from Company-1 by, among other things, fraudulently transferring company funds to a bank account that SHERBACOW controlled and by making unauthorized personal expenditures from a Company-1 bank account. SHERBACOW attempted to conceal his embezzlement of Company-1's funds by, among other things, emailing altered bank statements and other falsified financial records containing material misrepresentations and omissions to Accounting Firm-1 and members of Company-1's board.

**Purpose of the Scheme and Artifice**

7. The purpose of the scheme and artifice was for SHERBACOW to enrich himself through the embezzlement of funds from Company-1.

**Manner and Means**

8. The manner and means through which SHERBACOW executed the scheme and artifice to defraud included, but were not limited to, the following:

9. On or about January 6, 2021, SHERBACOW opened a Wells Fargo business account ending in 5828 in the name of Company-1 (the "Company-1 bank account"). SHERBACOW was the only person with access to and signatory authority on this account.

10. Between on or about January 25, 2021, and December 12, 2022, SHERBACOW fraudulently transferred at least approximately $5.9 million from the Company-1 bank account to a Wells Fargo account in SHERBACOW's name ending in 1262 (the "SHERBACOW bank account") through over 150 transfers.

11. SHERBACOW was the only person with access to and signatory authority on the SHERBACOW bank account.

12. SHERBACOW also embezzled Company-1's funds by transferring funds directly from the Company-1 bank account to third parties, to pay for, among other things, personal tax liens.

13. SHERBACOW attempted to conceal his embezzlement of Company-1's funds by, among other things, sending materially false and fraudulent financial records to Accountant-1 and members of Company-1's board.

14. For example, on or about November 16, 2022, SHERBACOW emailed altered Company-1 bank account statements to Accountant-1, in which SHERBACOW, among other things: (a) intentionally omitted numerous transactions showing transfers from the Company-1 bank account to the SHERBACOW bank account; and (b) falsified account balance information on the bank statements to make it appear that Company-1 possessed more cash on hand than it, in

fact, possessed, due at least in part to SHERBACOW's embezzlement.

15. On or about December 6, 2022, SHERBACOW emailed an altered Company-1 bank account statement to among others, Accountant-1 and Company-1 employees, in which SHERBACOW, among other things, intentionally omitted transactions showing transfers from the Company-1 bank account to the SHERBACOW bank account.

16. On or about December 20, 2021, June 21, 2022, July 31, 2022, November 16, 2022, and November 25, 2022, SHERBACOW emailed falsified financial records contained in spreadsheets to, among others, Accountant-1 and Company-1 board members, in which SHERBACOW, among other things: (a) intentionally omitted numerous transactions showing transfers from the Company-1 bank account to the SHERBACOW bank account; and (b) falsified account balance information to make it appear that Company-1 possessed more cash on hand than it, in fact, possessed, due at least in part to SHERBACOW's embezzlement.

17. As part of his fraudulent scheme, SHERBACOW also falsified Company-1 financial records to show that certain third-party vendors hired by Company-1 had been paid by Company-1, when in fact, they had not been paid.

**Executions of the Scheme and Artifice**

18. On or about the dates specified as to each count below, SHERBACOW, in the District of Columbia, and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted, by means of wire, radio, and television communication, writings, signals, pictures, and sounds in interstate and foreign commerce as set forth below:

| Count | Approx. Date | Description of Interstate Wire |
|---|---|---|
| ONE | June 21, 2022 | Email from SHERBACOW to Accountant-1 and Company-1's Chief Legal Officer routed into the District of Columbia from outside the District of Columbia with attached falsified financial spreadsheet. |
| TWO | November 16, 2022 | Email from SHERBACOW to Accountant-1 routed into the District of Columbia from outside the District of Columbia with attached altered bank statements and falsified financial spreadsheet. |
| THREE | December 6, 2022 | Email from SHERBACOW to Accountant-1 and Accounting Firm-1 employee routed into the District of Columbia from outside the District of Columbia with attached altered bank statement. |

(All in violation of Title 18, United States Code, Section 1343)

**COUNTS FOUR THROUGH FIVE**
**(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)**

19. Paragraphs 1 through 3 and Paragraphs 6 through 17 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

20. After SHERBACOW fraudulently transferred funds without authority from the Company-1 bank account to the SHERBACOW bank account, SHERBACOW made various personal expenditures from the SHERBACOW bank account using embezzled funds to pay for, among other things, a vintage Mercedes-Benz sports car, a Range Rover sport utility vehicle, a down payment on a condo, payments to an art auction operator, personal tax liens, personal credit card payments, rent payments on personal residences, payment to a beach club, and the installation of an audio-visual system at a personal residence.

21. On or about the dates specified as to each count below, in the District of Columbia, and elsewhere, SHERBACOW did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that

is, wire fraud, in violation of Title 18, United States Code, Section 1343, each transaction constituting a separate count, as set forth below:

| Count | Approx. Date | Description of Monetary Transaction |
|---|---|---|
| FOUR | June 29, 2022 | Check no. 432 for $34,293.35 drawn from the SHERBACOW bank account to pay for a home audio-visual system at SHERBACOW's residence in Washington, DC. |
| FIVE | August 17, 2022 | Check no. 434 for $30,000.00 drawn from the SHERBACOW bank account to pay for a home audio-visual system at SHERBACOW's residence in Washington, DC. |

(All in violation of Title 18, United States Code, Section 1957)

**FORFEITURE ALLEGATIONS**

22. The allegations contained in Counts One through Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Section 982(a)(1), and Title 28, United States Code, Section 2461(c).

23. Upon conviction of any of the offenses alleged in Counts One through Three, in violation of Title 18, United States Code, Section 1343, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

a. The real property commonly known as 3 Chisolm Street, Unit 104, Charleston, South Carolina;

b. All right, title, and interest in a 1968 Mercedes-Benz 280SL with VIN 11304412002191;

c. A sum of money equal to the proceeds derived from the wire fraud offense or offenses of conviction.

24. Upon conviction of any of the offenses alleged in Counts Four through Five, in violation of Title 18, United States Code, Section 1957, the defendant, shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

25. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 982(b)(1) and 2461(c), up to the value of the forfeitable property described above, including but not limited to the following:

a. The real property commonly known as 3 Chisolm Street, Unit 104, Charleston, South Carolina;

b. All right, title, and interest in a 1968 Mercedes-Benz 280SL with VIN 11304412002191;

c. All right, title, and interest in a 2013 Mercedes-Benz E-Class with VIN WDDHH8JBXDA714833.

A TRUE BILL.

_______________________________
FOREPERSON

Date: _______________

UNITED STATES OF AMERICA

GLENN S. LEON
Chief, Fraud Section
Criminal Division, U.S. Department of Justice

By: _______________________________
KYLE CRAWFORD
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice