**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 23-CR-147 (CJN)** |
| **v.** | : | |
| | : | |
| **BRYAN SHERBACOW** | : | |
| | : | |
| **Defendant.** | : | |

**CONSENT ORDER OF FORFEITURE**

***WHEREAS***, a written plea agreement was filed with this Court and signed by the defendant, Bryan Sherbacow, and his counsel, William Coffield, in which the defendant agreed to plead guilty to an Indictment charging, Count One, Wire Fraud, in violation of Title 18, United States Code, Section 1343.

**WHEREAS**, the Indictment alleged the forfeiture of property, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

**WHEREAS**, the Indictment further alleged that the United States will seek a forfeiture money judgment against the defendant and in favor of the United States.

**WHEREAS**, in his plea agreement, the defendant agreed to the forfeiture of: (1) the real property commonly known as 3 Chisolm Street, Unit 104, Charleston, South Carolina; and (2) all right, title, and interest in a 1968 Mercedes-Benz 280SL with VIN 11304412002191, and associated keys and; (3) the entry of a forfeiture money judgment in the amount of $600,000.00.

**WHEREAS**, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information before it, including the defendant's plea agreement, that the above-referenced property, which constitutes or is derived from proceeds traceable to the violation alleged in Count One, to which the defendant is pleading guilty is subject

to forfeiture.

**WHEREAS**, pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information before it, including the defendant's plea agreement, that entry of a forfeiture money judgment against the defendant and in favor of the United States in the amount of $600,000.00 is appropriate, insofar as this property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Sections 246l(c) and that the defendant agreed as part of the plea agreement that the forfeiture money judgment shall not be reduced by the value of the above specific property, or the amount obtained from any sale of the above specific property;

**WHEREAS**, Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Sections 246l(c), authorizes the forfeiture of substitute property;

**WHEREAS**, the defendant has admitted that the proceeds he obtained have been dissipated and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court;

**WHEREAS**, upon entry of a forfeiture order, Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure authorizes the Attorney General or a designee to conduct any discovery the Court considers proper in identifying, locating, or disposing of property subject to forfeiture.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. That the following property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c): (1) the net proceeds of the sale of the real property commonly known as 3 Chisolm Street, Unit 104, Charleston, South Carolina totaling $381,846.62 held in the United States

Marshal's Seized Asset Deposit Fund; and (2) all right, title, and interest in a 1968 Mercedes-Benz 280SL with VIN 11304412002191, and associated keys.

2. A forfeiture money judgment in the amount of $600,000.00 is entered against the defendant and in favor of the United States. The forfeiture money judgment shall not be reduced by the value of the above specific property.

3. The Court finds that the proceeds that the defendant personally obtained as a result of the offense to which he has pled guilty have been dissipated by him and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court.

4. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

5. That pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and the defendant's consent, this Order of Forfeiture is now final as to the defendant, and shall be made part of the sentence and included in the judgment.

6. The Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order.

SO ORDERED this 4th day of ~~February~~ June, 2024.

HON. CARL J. NICHOLS
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

GLENN S. LEON
Chief, Fraud Section
Criminal Division

By: */s/ Kyle Crawford*
Kyle Crawford (D.C. 888241455)
Trial Attorney, Fraud Section
Criminal Division
United States Department of Justice
1400 New York Ave. N.W.
Washington, DC 20005
202-794-4010
kyle.crawford@usdoj.gov

*Attorney for the United States*

*/s/ William F. Coffield*
William F. Coffield, IV (#431126)
Melvin White (D.C. Bar No. 422087)
BERLINER CORCORAN & ROWE LLP
1101 17th Street NW, Suite 1100
Washington, D.C. 20036
Tel.: (703) 608-5975
Fax: (202) 293-9035
wcoffield@bcrlaw.com
mwhite@bcrlaw.com

*Attorneys for Defendant Bryan Sherbacow*